JOSEPH MODENBACH ( NO. 8559

VS 8559 COURT OF APPEAL

MISS N. RUTH VAN SMOOTH ) PARISH OF ORLEANS
AND
ALFRED J. WESTON )

- - - -

WILLIAM A. BELL, JUDGE.

* * * *

APRIL 2, 1923.

Court of Appeal

4/2/23

By WILLIAM A. BELL, Judge.

This is a suit for materials and labor furnished under an alleged verbal agreement for certain repairs to a building described in the petition as "Premises No. 2315-17 State Street." It is not shown in the petition that either of the defendants owns the property in question or that either of them is the agent of the other. The petition simply sets forth that the work was done and the labor and material furnished at the request of the named defendants, who agreed to, but have failed to pay, the itemized bill annexed to the petition. There is a prayer for judgment in solide against the defendants for $182.85, with legal interest from the date of the bill, and with recognition of the lien and privilege on the above-numbered premises.

While our examination of the petition causes us to believe that had the exception of vagueness herein filed been maintained and leave granted to amend, the trial of this suit would have been greatly simplified, yet the evidence before us is convincing that the judgment as to the amount awarded plaintiff, to-wit: $118.85, is fully justified. However, it has clearly developed in the trial of this case, as shown by the record, that the work and materials furnished were undoubtedly for account of only Miss N. Ruth Van Smooth, one of the defendants, and that the other defendant herein, Alfred J. Weston, was in fact simply her authorized agent, she being the owner of the building upon which the work was done and to which the materials were furnished. There is no allegation in the pleadings nor is there any proof in the record which would justify the recognition of any lien or privilege against the property described. No privilege could have arisen as shown by the evidence in this case, except under Act 229 of 1916. There is no evidence to show that the lien or privilege, if any, has been duly recorded within the purview of Act 229 of 1916, as interpreted by this court in the recent cases of Roca Lumber and Hardware Co.,

Inc., v. Frick et al., No. 8741, and G. H. A. Thomas Co. v. Evans and Evans, No. 8911. (See also Gleissner v. Hughes, Sheriff, et al., No. 25141, Supreme Court of Louisiana, decision rendered on re-hearing January 27, 1923 and not yet reported).

We find no error in the judgment allowing legal interest from January 15, 1921, but the judgment from which each defendant herein has appealed should be amended to the extent of relieving appellant, Alfred J. Weston, of any liability whatsoever. There should be judgment only against appellant, Miss N. Ruth Van Smooth, and without any lien or privilege upon the property described in the petition.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby set aside and annulled as against Alfred J. Weston, and is amended to the extent of allowing the claim of Joseph Modenbach, plaintiff, against Miss N. Ruth Van Smooth, in the sum of One Hundred and Eighteen and 85/100 Dollars ($118.85), with legal interest thereon from January 15, 1921, until paid, but without recognition of any lien or privilege on the property No. 2315-17 State Street; the said Miss N. Ruth Van Smooth to pay all costs in both courts.

April 2, 1923.                    JUDGMENT REVERSED IN PART
                                  AND AFFIRMED IN PART AND
                                  AS AMENDED AFFIRMED.